UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREE RAYBON RUFFINS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. CERDA, et al.,<br><br>    Defendants. | No. 1:24-cv-01386-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on September 23, 2024. (ECF No. 1.)

On November 18, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff failed to file an amended complaint or otherwise respond to the November 18, 2024 order. Therefore, on January 7, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

1

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On October 19, 2023, while housed at Substance Abuse Treatment Facility, Plaintiff's

Eighth Amendment rights were violated at his committee hearing by counselors S. Cerda and R. Lopez "by knowing the danger & still placing me w[ith] my documented enemy (Wilson #BJ766 115 for fighting log #000000007135844) at Lancaster State Prison in B-yard." (ECF No. 1 at 5.)

Plaintiff seeks $30,000 in compensation as relief.

## III.

## DISCUSSION

### A.     Deliberate Indifference to Safety

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. Id. at 835.

Here, Plaintiff fails to state a claim for failure to protect him against any of the Defendants because he has not alleged facts showing what Plaintiff or Defendants said or did, showing how they personally acted, and that Defendants knew about a substantial risk of harm to Plaintiff but deliberately ignored the risk, causing harm to Plaintiff.  More specifically, Plaintiff does not explain his "documented enemy" concerns in the complaint or provide sufficient detail of what exactly Defendants Cerda and Lopez knew, which prevents the Court from determining whether Defendants had sufficient information to alert them to a substantial risk of serious harm to Plaintiff if housed with inmate Wilson.  See Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm").  Further, the Eighth Amendment does not provide prisoners with the right to be housed with a particular security classification. Myron v. Landsberger, 476 F.3d 716, 719 (9th Cir. 2007) ("mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.' "); Abreu v. Jaime, No: 1:16–CV–00715–BAM (PC), 2017 WL 5900074, at *3 (Nov. 30, 2017) ("The Constitution does not require that plaintiff be placed in 'protective custody,' only that the defendants take reasonably available measures to abate a substantial the risk of harm."); see also Hall v. Tilton, No. C 07–3233 RMW (PR), 2010 WL 2629914 at *4 (N.D. Cal. June 29, 2010) (rejecting a prisoner's claim that retaining him in a Level III facility when he was a Level II inmate violated his rights under the Eighth Amendment), aff'd 530 Fed. App'x 690 (9th Cir. 2013).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on November 18, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's November 18, 2024 order.  Therefore, on January 7, 2025, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF

1  No. 9.)  Plaintiff failed to respond to the January 7, 2025 order and the time to do so has passed.

2  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint within thirty days of November 18, 2024 and has not done so.  Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this

1    action towards disposition.  This action can proceed no further without Plaintiff's compliance with
2    the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this
3    action.
4         Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
5    rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
6    1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.
7         The public policy in favor of deciding cases on their merits is greatly outweighed by the
8    factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order
9    for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies
10   in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended
11   complaint or respond to the order to show cause and this action cannot simply remain idle on the
12   Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's
13   failure to comply with the Court's orders.
14        Finally, a court's warning to a party that their failure to obey the court's order will result
15   in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
16   Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's November 18, 2024, order
17   requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
18   amended complaint in compliance with this order, the Court will recommend to a district ju6dge
19   that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.)  In
20   addition, the Court's January 7, 2025, order to show cause specifically stated: "Plaintiff's failure
21   to comply with this order will result in a recommendation to dismiss the action for the reasons
22   stated above." (ECF No. 9.)  Thus, Plaintiff had adequate warning that dismissal would result from
23   her noncompliance with the Court's order.

                                                   **V.**

                                    **ORDER AND RECOMMENDATION**

26        The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended
27   complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an
28   amended and has not responded to the Court's order to show why the action should not be

                                                    6

dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the November 18, 2024 and January 7, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 31, 2025**

STANLEY A. BOONE
United States Magistrate Judge